UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

JENNIFER THURMOND                                        PLAINTIFF

v.                                       CIVIL ACTION NO. 3:17-CV-00084-CRS

DEAN DAIRY HOLDINGS, LLC
d/b/a DEAN MILK COMPANY, LLC and
KYLE WANCKET                                        DEFENDANTS

Memorandum Opinion

I.     Introduction

This matter is before the Court on the motion of Plaintiff Jennifer Thurmond to amend her original complaint under Federal Rule of Civil Procedure 15(a)(1), ECF No. 7. She tendered an amended complaint, ECF No. 7-1. Defendants Dean Dairy Holdings, LLC d/b/a Dean Milk Company, LLC ("Dean Milk") and Kyle Wancket responded, ECF No. 15. Thurmond replied, ECF No. 16. For the reasons explained below, the Court will grant Thurmond's motion to amend the original complaint.

II.     Background

    A.     Allegations in the Original Complaint

As explained in the original complaint, Thurmond is female. Compl. ¶ 7, ECF No. 1-1. She asserts that she was employed by Dean Milk from January 2008 to September 2016. *Id*. ¶ 2. During part of this period of employment, her immediate supervisor was Wancket, who is male and was also employed by Dean Milk. *Id*. ¶ 6. "

During the vast majority of her employment tenure with Dean Milk, Thurmond was an "exemplary employee." *Id*. ¶ 8. Her performance reviews and testimony from other Dean Milk employees demonstrate that she was qualified for the position in which she was working. *Id*. ¶ 9.

1

In the second half of 2016, Thurmond got into a dispute with Wancket. *Id*. ¶ 10. Afterwards, she threw a small metal trash can in frustration. *Id*. ¶ 11. Thurmond was suspended with pay from her position. *Id*. ¶ 12. She was eventually terminated on September 6, 2016 for violence in the workplace. *Id*.

Before Thurmond's dispute with Wancket, there had been a "plethora" of incidents at Dean Milk that involved male employees who were violent or threatened to be violent. *Id*. ¶ 13. The employees involved were not disciplined with the same severity that was applied to Thurmond. *Id*. ¶ 15. For example, Dean Milk employee Andy Bean and another male employee apparently became involved in a physical altercation. *Id*. ¶ 14. Bean threatened to go to his car, retrieve a firearm, and shoot the other employee. *Id*. But unlike Thurmond, Bean was not terminated. *Id*. After Thurmond was terminated, Wancket and/or Dean Milk began retroactively disciplining employees to cover up their disparate treatment of Thurmond. *Id*. ¶ 16.

Thurmond also alleges that Wancket harassed and intimated her in a "severe and pervasive manner." *Id*. ¶ 17. He did not harass or intimidate male employees in the same way. *Id*. ¶ 18.

On January 20, 2017, Thurmond filed suit against Dean Milk and Wancket in the Jefferson County, Kentucky Circuit Court. *Id*. at 5. She asserts two causes of action. First, she claims that they discriminated against her based on her gender in violation of the Kentucky Civil Rights Act (KCRA), Ky. Rev. Stat. Ann. § 344.010, *et seq*. (Count I). *Id*. ¶¶ 18–25. Second, she maintains that Dean Milk and Wancket wrongfully discharged her (Count II). *Id*. ¶¶ 26–29. She seeks compensatory damages, punitive damages, and attorney fees and costs. *Id*. at 10.

B.  Removal to this Court

On February 13, 2017, Dean Milk and Wancket removed the case to this Court under federal diversity jurisdiction, 28 U.S.C. §§ 1332, 1441, and 1446. Not. Removal 1, ECF No. 1. In their notice of removal, they explain that Thurmond is a citizen of Kentucky and that Dean Milk is a citizen of Texas and Wisconsin. *Id.* at 2. And while the complaint alleges that Wancket resides in Kentucky, Dean Milk and Wancket argue that he was fraudulently joined because neither state law claim is properly asserted against him. *Id.*

III.  Discussion

On February 23, 2017, Thurmond filed a motion to amend her complaint under Federal Rule of Civil Procedure 15(a)(1) to add a negligence and/or intentional infliction of emotion distress claim against Wancket and a vicarious liability and negligent hiring, training, and supervision claim against Dean Milk. *See* Mot. Am. 1, ECF No. 7; Tendered Am. Compl. ¶¶ 35–49, ECF No. 7-1; Reply 1, ECF No. 16. Thurmond notes that she filed her complaint on January 20, 2017 and that Dean Milk and Wancket filed their notice of removal and motion for partial dismissal on February 13, 2017. Reply 3, ECF No. 16. She argues that Dean Milk and Wancket's filing of either a motion to dismiss or the notice of removal of the case to this Court triggered the 21-day period in which a party may amend a pleading as a matter of right under Rule 15(a)(1). Reply 3, ECF No. 16.

Dean Milk and Wancket do not address whether Thurmond is able to amend her complaint under Rule 15(a)(1) as a matter of right. Instead, they argue that the Court should not grant Thurmond's motion to amend under Rule 15(a)(2) because her newly asserted claims could not survive a motion to dismiss and thus are futile. Resp. Opp. Mot. Am. 8, ECF No. 15.

3

Rule 15(a)(1) provides that a party may amend its pleading once as a matter of course within 21 days after serving it. Rule 15(a)(1) also provides that a party may amend a pleading once as a matter of course within 21 days after service of a responsive pleading "if the pleading is one to which a responsive pleading is required" or within 21 days after service of a motion under Rule 12(b), (e), or (f).

Thurmond served her complaint on Wancket on January 23, 2017. Compl. 2–3, ECF No. 1-1. She served her complaint on Dean Milk on January 25, 2017. *Id*. On February 13, 2017, Dean Milk and Wancket removed the case to this Court and filed a motion to dismiss under Rule 12(b)(6). Ten days later, on February 23, 2017, Thurmond moved to amend her complaint. Because Thurmond's motion to amend the complaint was filed within 21 days of Dean Milk and Wancket's serving of their motion to dismiss under Rule 12(b)(6), she may amend her complaint as a matter of right. *See* Fed. R. Civ. P. 15(a)(1). Thurmond's motion to amend will thus be granted.

IV.  Conclusion

The Court will grant Thurmond's motion to amend her complaint under Rule 15(a)(1). The Court will order Thurmond to file her tendered amended complaint within 21 days. An order will be entered in accordance with this memorandum opinion.

April 24, 2017

Charles R. Simpson III, Senior Judge
United States District Court

4