UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

JENNIFER THURMOND                                                                                  PLAINTIFF

v.                                                                            CIVIL ACTION NO. 3:17-CV-00084-CRS

DEAN DAIRY HOLDINGS, LLC
d/b/a DEAN MILK COMPANY, LLC and
KYLE WANCKET                                                                                    DEFENDANTS

Memorandum Opinion

I.   Introduction

This matter is before the Court on the motion of Plaintiff Jennifer Thurmond to remand the case to the Jefferson County, Kentucky Circuit Court, ECF No. 9. Defendants Dean Dairy Holdings, LLC d/b/a Dean Milk Company, LLC ("Dean Milk") and Kyle Wancket responded, ECF No. 14. Thurmond replied, ECF No. 17. Thurmond also moved to strike settlement discussions in Dean Milk and Wancket's notice of removal, ECF No. 8. Dean Dairy and Wancket responded, ECF No. 13. Thurmond replied, ECF No. 18.

Because these motions involve similar issues and the same facts, the Court will address them in a single memorandum opinion and order. For the reasons discussed below, the Court will grant Thurmond's motion to remand the case to the Jefferson County Circuit Court. The Court will deny Thurmond's motion to strike references to settlement discussions as moot.

II.  Background

   A.   Allegations in the Original Complaint

Thurmond filed the original complaint in the Jefferson County Circuit Court. Compl. 1, ECF No. 1-1. In the original complaint, Thurmond asserts that she and Wancket are residents of Kentucky and that Dean Milk is a foreign limited liability company licensed to do business in

1

Kentucky. *Id*. ¶¶ 1, 3, 5. She alleges that during part of her employment with Dean Milk, Wancket was her supervisor. *Id*. ¶ 6. Thurmond apparently got into a dispute with Wancket. *Id*. ¶ 10. Afterwards, she threw a small metal trash can in frustration. *Id*. ¶ 11. Dean Milk suspended her with pay and eventually terminated her for violence in the workplace. *Id*. ¶ 12. Thurmond contends that Dean Milk disciplined its male employees less harshly for similar violent behavior. *Id*. ¶¶ 13–16. Thurmond also claims that Wancket harassed and intimated her in a "severe and pervasive manner." *Id*. ¶ 17. She maintains that he did not harass or intimidate male employees in the same way. *Id*. ¶ 18.

In her original complaint, Thurmond asserts two claims against Dean Milk and Wancket. First, she claims that Dean Milk and Wancket discriminated against her based on her gender in violation of the Kentucky Civil Rights Act (KCRA), Ky. Rev. Stat. Ann. § 344.010, *et seq*. (Count I). *Id*. ¶¶ 18–25. Second, she states that Dean Milk and Wancket wrongfully discharged her (Count II). *Id*. ¶¶ 26–29. She seeks compensatory damages, punitive damages, and attorney fees and costs. *Id*. at 10.

    B.    <u>Dean Milk and Wancket's Notice of Removal</u>

In February 2017, Dean Milk and Wancket removed the case from the Jefferson County Circuit Court to this Court under diversity jurisdiction, 28 U.S.C. §§ 1332, 1441, and 1446. Not. Removal 1, ECF No. 1. In their notice of removal, Dean Milk and Wancket explain that the amount in controversy is met because the remedies that Thurmond seeks in the original complaint clearly exceed $75,000.00. *Id.* at 6–7. They also assert that complete diversity is met because Thurmond is a citizen of Kentucky and that Dean Milk is a citizen of Texas and Wisconsin. *Id*. at 2. And even if Wancket is a citizen of Kentucky, they maintain that his citizenship should be disregarded because he is fraudulently joined in the action. *Id*.

2

B.    Additional Claims Alleged in Thurmond's Amended Complaint

In April 2017, this Court permitted Thurmond to file an amended complaint. Order 4/24/2017 1, ECF No. 21. In relevant part, the amended complaint adds two claims against Dean Milk and Wancket. Thurmond asserts that Wancket was generally negligent and/or negligent and/or is liable for intentional infliction of emotional distress (Count III). *Id*. ¶¶ 35–42. She also claims that Dean Milk is vicariously liable for the harm that she suffered because of other employees and was negligent in its hiring, training, and supervision of its employees (Count IV). *Id*. ¶¶ 43–49.

III.   Standard of Review

Thurmond now moves to remand her case to the Jefferson County Circuit Court. Mot. Remand 1, ECF No. 9. Removal to federal court is proper for "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). As a court of limited jurisdiction, a district court is required to remand any case where federal subject matter jurisdiction is lacking. *See id*. § 1447(c).

One type of subject matter jurisdiction is diversity of citizenship jurisdiction. Diversity jurisdiction is present in cases "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." *Id*. § 1332(a). Complete diversity of citizenship is required to meet diversity jurisdiction. *Strawbridge v. Curtiss*, 7 U.S. 267 (1806).

When a case is removed to federal court based on diversity jurisdiction, the federal court determines whether complete diversity of the parties existed at the time of removal. *Coyne ex rel. Ohio v. Am. Tobacco Co.*, 183 F.3d 488, 492 (6th Cir. 1999); *see also Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195, 210 (6th Cir. 2004) ("The existence of subject matter jurisdiction is

3

determined by examining the complaint as it existed at the time of removal."). The party seeking to remove the case bears the burden of showing that the district court possesses jurisdiction. *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000). "All doubts as to the propriety of removal are resolved in favor of remand." *Coyne*, 183 F.3d at 493.

IV. Discussion

In support of her motion to remand the case to the Jefferson County Circuit Court, Thurmond asserts that Dean Milk and Wancket removed the case on diversity grounds and on the premise that Wancket—who, like her, is a citizen of Kentucky—was fraudulently joined because no state law claims were properly asserted against him. *Id*. at 4. She then argues that her amended complaint states colorable claims against Wancket, thereby overcoming the allegation that he was fraudulently joined and defeating complete diversity. *Id*. at 5. Dean Milk and Wancket contend, however, that "[b]ecause the propriety of removal is determined at the time of removal, the Court must base its decision whether to remand on [Thurmond's] original Complaint. As there can be no recovery against Wancket under [Thurmond's] initial Complaint, his presence in this law suit is merely designed to defeat diversity." Resp. Opp. Mot. Remand 2, ECF No. 14. Thurmond replies that, even if the propriety of removal is determined at the time of removal, the facts alleged in the original complaint provide "potential avenues of redress . . . via the tort theories of negligence and/or negligent and/or intentional infliction of emotion distress" against Wancket and thus he was not fraudulently joined. Reply 4–5, ECF No. 17.

Fraudulent joinder provides a judicially-created exception to the requirement that parties be completely diverse for a federal court to exercise its diversity jurisdiction. *See Coyne*, 183 F.3d at 493. A defendant is fraudulently joined if it is "clear that there can be no recovery under the law of the state on the cause alleged or *on the facts in view of the law*." *Casias v. Wal-Mart*

4

*Stores, Inc.*, 695 F.3d 428, 437 (6th Cir. 2012) (citing *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994)) (emphasis added). Thus, the question that the Court must answer is whether there is a "colorable basis for predicting that a plaintiff may recover against non-diverse defendants." *Coyne*, 183 F.3d at 493. This inquiry is "not the same as whether such a claim would succeed." *Alexander*, 13 F.3d at 949. The removing party bears the burden of demonstrating fraudulent joinder. *Id.*; *see also Her Majesty the Queen in Right of the Province of Ontario v. City of Detroit*, 874 F.2d 332, 330 (6th Cir. 1989).

Dean Milk and Wancket have not met their burden of demonstrating fraudulent joinder. They focus their arguments on whether Thurmond can recover against Wancket under Kentucky law on the causes alleged in the original complaint. Resp. Opp. Mot. Remand 4–8, ECF No. 14. These arguments do not negate the possibility that Thurmond could bring claims recognized by Kentucky law against Wancket, given the facts alleged in the original complaint. *See, e.g.*, *Stringer v. Wal-Mart Stores, Inc.*, 151 S.W.3d 781, 792 (Ky. 2004), *overruled on other grounds by Toler v. Süd-Chemie, Inc.*, 458 S.W.3d 276 (Ky. 2014) (upholding intentional infliction of emotional distress claim against plaintiff employees' supervisor and employer); *Abney v. Gulley Remodeling & Maint., Inc.*, No. 2009-CA-001490-MR, 2010 Ky. App. Unpub. LEXIS 595, at *14 (Ky. Ct. App. July 23, 2010) (reversing the trial court's grant on summary judgment on intentional infliction of emotional distress claim asserted against plaintiff employee's supervisor). Given that Dean Milk and Wancket have not met their burden of demonstrating fraudulent joinder and that all doubts regarding removal are to be resolved in favor of remand, *Coyne*, 183 F.3d at 493, the Court will grant Thurmond's motion to remand the case to the Jefferson County Circuit Court.

IV.     Conclusion

The Court will grant Thurmond's motion to remand the case to the Jefferson County Circuit Court. The Court will deny Thurmond's motion to strike settlement discussions from the notice of removal as moot. An order will be entered in accordance with this memorandum opinion.

April 29, 2017

**Charles R. Simpson III, Senior Judge**
**United States District Court**